CLARENCE A. CARLIN *vs.* CHARLES R. EASTON.

JUNE 19, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is a petition for a writ of prohibition to restrain the respondent as Associate Justice of the Dis-

trict Court of the Sixth Judicial District from hearing the petition of George Toste that he be admitted to take the poor debtor's oath.

It appears in the petition that said Toste is imprisoned in the Providence County Jail on an execution issued against him on a judgment in favor of the petitioner in an action of trespass for assault and battery; that said Toste was committed to said jail on the 8th day of July, 1930; that on the 17th day of March, 1931, said Toste requested the justice of the District Court of the Eighth Judicial District that he be admitted to take the poor debtor's oath; that after several hearings said justice denied said request on the 16th day of April, 1931. It further appears that said Toste is still in said jail on said commitment and has requested the respondent to admit him to take said oath in accordance with the provisions of Chapters 377 and 378, G. L. 1923; that the respondent, acting upon said request issued a citation directed to the petitioner as committing creditor of said Toste to appear at said jail May 29, 1931, to show cause, if any he had, why said Toste should not be admitted to take said oath.

In the request to this respondent said Toste alleged that since the denial of his former request to take said oath, there has been a change in his circumstances, namely, that on the 21st day of May, 1931, he made a general assignment for the benefit of his creditors.

Petitioner alleges that there has been no change of circumstances in the condition of said Toste since the taking out of the first citation upon his first petition for permission to take the poor debtor's oath within the meaning and contemplation of Sec. 11, Ch. 377, G. L., 1923, and claims that the respondent is without authority to act in the matter.

The facts are undisputed. At the hearing before us a common law assignment for the benefit of his creditors made by said Toste to John M. Bucci, dated and acknowledged May 21, 1931, and duly recorded, was introduced in evidence. Petitioner does not question the validity of this assignment. He contends that the assignment does not constitute a

change of circumstances in the condition of the debtor within the meaning of said Section 11. This contention cannot be sustained.

This petition is ruled by the case of *Matteson* v. *Choquet*, 36 R. I. 271, where the facts were substantially the same as in the present case. The court said: "We are of the opinion that the objections of the petitioner to the form of the citation and the manner in which it was issued by the respondent are without merit and require no discussion here." The court cited *Angell* v. *Robbins*, 4 R. I. 493, and *Burdick* v. *Simmons*, 9 R. I. 17, with approval. The court also said that the making of an assignment for the benefit of his creditors by the judgment debtor would constitute such a change of the debtor's circumstances as would warrant the issuance of the citation, provided said assignment of the judgment debtor appeared, to the satisfaction of the justice issuing the citation, to be a valid assignment in proper form. The court expressly held: "The respondent had full jurisdiction upon *ex parte* hearing to judge whether a change of circumstances had occurred."

The assignment by Toste to Bucci appears to be a valid assignment in proper form and no evidence has been produced by the petitioner tending to prove the contrary. *Matteson* v. *Choquet, supra*, cannot be distinguished from the present case and no valid reason has been given by the petitioner why it should be overruled. Under authority of this case respondent was warranted in issuing the citation upon the complaint of Toste.

The petition for the writ of prohibition is denied and dismissed.

RATHBUN, J., dissenting. Heard on petition for writ of prohibition. George Toste, the complainant, is confined in jail on an execution in an action of trespass for assault and battery. He complained to Louis W. Dunn, Justice of the Eighth District Court, and obtained a citation to his creditor to appear and show cause, if any he had, why the complainant should not be admitted to take the poor debtor's oath.

After a full hearing said justice found that the complainant had committed fraud on his creditors by conveying his property, through a third person, to his wife. Because of the commission of this fraud said justice refused the oath to the complainant. Thereafter, Toste complained to a justice of the Sixth District Court, to whom our citation is addressed, setting forth, among other things, that he had once been refused the oath but that there had been a change of circumstances, in this, that he had made an assignment of all of his property for the benefit of his creditors. Thereupon said justice issued a citation to the creditor in question to appear and show cause, if any he had, why the complainant should not be admitted to take the poor debtor's oath. Said creditor's petition prays that we issue our writ of prohibition to said justice prohibiting him from hearing the complaint.

The question is whether the justice had jurisdiction to issue his citation on a complaint disclosing a denial of the oath by another justice and alleging no change in circumstances except an assignment for the benefit of creditors. If said justice had jurisdiction to issue his citation and hear the cause on the complaint, as made, the writ of prohibition, which issues only when an inferior court threatens to exceed its jurisdiction or assumes to accept jurisdiction where none exists, should be refused. If an assignment for the benefit of creditors is not such a change of circumstances as is contemplated by Sec.11, Chap. 377, G. L., 1923, when the oath has previously been denied on a finding that the complainant has committed fraud by conveying his property in fraud of creditors, said justice is without jurisdiction, and the writ should issue. Said Section 11 is as follows: "If a debtor take out a citation to his committing creditor and have the same served and subsequently withdraw the same, or if upon trial he shall not be admitted to take the oath above prescribed, he shall not be entitled to another citation to the same creditor unless on proof of some change of circumstances after the taking out of the first citation, a state-

ment of which change of circumstances shall be annexed to or recited in the second citation and form a part thereof.''

When a complainant is admitted to take the oath he is required to swear or affirm that he has not fraudulently conveyed his property or done any other act whereby his creditors may be defrauded.   See Sec. 5 of said Chapter 377.

What change in circumstances did the General Assembly have in mind as sufficient to warrant a second citation and a second hearing after the complainant has been denied the oath on a finding that he has fraudulently conveyed his property?   It could not have been the intention that every change, no matter how insignificant, or immaterial to the rights of the parties, would be sufficient to give jurisdiction to the same, or another justice to issue another citation. The language of said Section 11, as contained in the early revisions of our statutes, did not include the provision requiring a change of circumstances before a second citation could be issued;  and a person confined on execution was at liberty to make as many applications for the oath as he chose until he obtained a favorable decision.   This abuse brought about an amendment requiring ''some change of circumstances'' before a second citation could be issued.

It seems reasonable to assume that the General Assembly in using the words ''some change of circumstances'' had in mind such a change as would avoid the facts previously found to exist and found to be sufficient to cause the withholding of the oath.   In *Santangini* v. *Bliss*, 83 Atl. 118, on the same state of facts as here presented, this court held that an assignment for the benefit of creditors was not a sufficient change in circumstances to warrant the issuing of another citation after a denial of the oath on a finding that the complainant had conveyed his property in fraud of creditors. The opinion is as follows: ''PER CURIAM.   Inasmuch as the magistrate, on the hearing of the first petition for the taking of the poor debtor's oath, refused the petition on the ground that the petitioning debtors had committed fraud upon their creditors in the disposition of their property,

and as the only change of circumstances now alleged in the second petition of the same debtors is the making of a common law assignment for the benefit of creditors, but it does not appear that the debtors' property disposed of in fraud of their creditors has been brought under the control of the said assignee, or that any other property has been actually conveyed to the assignee for the benefit of creditors, we fail to see how any such change of circumstances has been brought about by said assignment as will warrant the further proceeding by the magistrate in the matter of granting permission to take the poor debtor's oath."

The opinion of the majority is based upon *Matteson* v. *Choquet*, 36 R. I. 271, which was decided two years after the *Bliss* case, and which the majority apparently assume overrules the *Bliss* case.

First of all, in the *Chouqet* case no mention is made of the *Bliss* case. Second, the facts in the *Choquet* case were different, as it does not appear that the oath had been refused on a finding that the complainant therein had disposed of his property in fraud of creditors; and at the time the citation was issued in the *Choquet* case the complainant did not even disclose the fact that he had theretofore been denied the oath. Third, assuming that the facts were the same, the decision in the *Choquet* case was based squarely upon two decisions neither one of which is an authority in support of the opinion of the majority.

It can hardly be assumed that the justices who decided the *Choquet* case had, at the time of that decision, forgotten the *Bliss* case, which they had decided within two years, or that they intended to overrule said case without mentioning it.

The *Choquet* case was decided on the authority of *Angell* v. *Robbins*, 4 R. I. 493 and *Burdick* v. *Simmons*, 9 R. I. 17. Both the *Robbins* case and the *Simmons* case involved imprisonment for debt. In neither case had the person confined on execution done any act whereby any of his "creditors may be defrauded." At the time these cases were

decided any debtor liable to be imprisoned for debt could be admitted to take the poor debtor's oath after making an assignment for the benefit of his creditors. The oath could be administered while the original action against him was pending or thereafter, before arrested on execution, or after he had been confined on execution. Chap. 198, Revised Stat. 1857. · By making the assignment, the debtor in these cases, although in jail, brought himself within the terms of the statute and apparently was entitled to the oath if he could truthfully swear that he had done no act whereby his creditors may be defrauded. Neither had been guilty of fraudulently conveying his property. In this case the complainant admits that after suit in the original action was commenced against him he conveyed away all of his property without consideration; that he conveyed, without consideration, all of his real estate to a stenographer who on the following day conveyed the same without consideration to complainant's wife and that she has since conveyed said real estate to another person. How does an assignment which brings no property under the control of the assignee remedy the fraud perpetrated in conveying his property?

The only change in circumstances which could possibly avoid the fraud would be the bringing of the property, which was fraudulently conveyed away, under the control of the assignee. *Santangini* v. *Bliss, supra.*

The complaint to the justice against whom these proceedings are directed disclosed the fact that complainant had been denied the oath. If he did not know, said justice should have ascertained the ground on which the oath was denied. What is a sufficient change of circumstances under one state of facts may be insufficient when another state of facts is presented. Before issuing his citation said justice should have made an investigation to determine whether he had jurisdiction. If he had done so he would have found that the complainant had fraudulently conveyed away his property; that there was a finding to that effect by another justice and that an assignment for the benefit of creditors

was not a change sufficient to give jurisdiction to issue another citation.

The complainant has taken no steps to have the decision of Justice Dunn on the question of fraud reviewed. That question must be taken as *res judicata.*—*Abbott* v. *Insolvent Debtor,* 1 Ashmead's Rep. (Pa.) 69.—Even at the hearing before us complainant's counsel admitted facts constituting fraud. He admitted that his client had conveyed away all of his property without consideration and did not contend that the client had done anything to remedy this fraud.

The opinion of *Matteson* v. *Choquet, supra,* relied upon by the majority, concludes as follows: "The form of oath set forth in the statute would preclude its administration to a debtor who had done any act whereby any of his creditors may be defrauded." Does anyone seriously contend that a discharge of Toste on facts judicially found to exist—and even now admitted—would be valid?

It is my opinion that the respondent was without jurisdiction to issue his citation on the complaint made to him; that he is without jurisdiction to hear and pass upon the question whether the oath should be administered and that the writ of prohibition should issue.

MURDOCK, J., concurs in this opinion.

*George Hurley, Walter V. Moriarty, Walter V. Connly* for petitioner.

*Benjamin Cianciarulo* for respondent.